UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA L. WHEELER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC; AZTEC ) <br> FORECLOSURE CORP.; and DOES 1- ) <br> 100, ) <br> ) <br> Defendants. ) <br> ) | CV 09-9220 SVW (AGRx) <br><br> ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT [JS-6] |

Plaintiff filed her Complaint *pro se* in Los Angeles County Superior Court. Her Complaint contains causes of action for common law fraud (including rescission of fraudulent mortgage agreements), quiet title, and declaratory relief. The Complaint does not contain any federal law causes of action on its face.

"This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." See Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003).

///

Defendant's removal is premised on this Court's federal question jurisdiction, 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). To determine whether removal was appropriate, the court must focus on the plaintiff's complaint: "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 (1986). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. (citing Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). This rule limits the removal of cases where state law "creates the cause of action," and thus avoids "a number of potentially serious federal-state conflicts." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).

However, the jurisdictional question does not necessarily end with the complaint. Lippitt v. Raymond James Fin. Services, 340 F.3d 1033, 1041 (9th Cir. 2003). Under the artful pleading doctrine, which is a corollary to the well-pleaded complaint rule, a plaintiff may not defeat removal "by omitting to plead necessary federal questions in a complaint." Id. The artful pleading doctrine requires district courts to recharacterize a plaintiff's purported state law claims as federal

2

claims, exercise jurisdiction over them, and proceed to consider whether the plaintiff should prevail on the merits. <u>Hunter v. United Van Lines</u>, 746 F.2d 635, 641 (9th Cir. 1984). Generally, courts use the artful pleading doctrine where the state-law cause of action presents a substantial federal question or where the state-law cause of action is completely preempted by federal law. <u>Lippitt</u>, 340 F.3d at 1041. Removal is proper "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." <u>Franchise Tax Board</u>, 463 U.S. at 9.

Ordinarily, federal preemption of a state law cause of action is a defense that can be asserted in state court. Preemption defenses generally do not give rise to federal question jurisdiction under 28 U.S.C. § 1331, and thus do not provide removal jurisdiction under 28 U.S.C. § 1441. However, in certain situations, the doctrine of "complete preemption" provides that state-law causes of action are federal causes of action in sum and substance, and accordingly arise under federal law for purposes of 28 U.S.C. § 1331. <u>See</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58 (1987); <u>see also</u> <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 8 (2003) ("[A] state claim may be removed to federal court in only two circumstances - when Congress expressly so provides, . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.").

In some circumstances, the National Bank Act provides for removal of state-law causes of action against federally chartered banks. <u>See, e.g.</u>, <u>Anderson</u>, 539 U.S. at 10-11 (state law usury cause of action completely preempted).

///

3

1       In the present case, Defendant asserts that Plaintiff's Complaint
2  includes unstated causes of action under the Truth in Lending Act, 15
3  U.S.C. § 1601 *et seq.* and the Real Estate Settlement and Procedures
4  Act, 12 U.S.C. § 2601 *et seq.*  However, contrary to Defendant's
5  unsupported assertions, it is unclear that these federal laws apply to
6  these Defendants or to the originators of Plaintiff's mortgage.  Also,
7  even if the relevant statutes and regulations provide a preemption
8  defense, see <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F3d. 1001, 1005 (9th
9  Cir. 2008), these federal laws do not <u>completely</u> <u>preempt</u> the field such
10 that removal is proper.  See <u>Nalore v. San Diego Federal Sav. and Loan</u>
11 <u>Ass'n</u>, 663 F.2d 841, 842 (9th Cir. 1981) (removal improper where
12 complaint stated state law cause of action challenging loan's due-on-
13 sale clause as unreasonable restraint on alienation; even where Home
14 Owners Loan Act provided preemption defense, complaint's cause of
15 action did not arise under federal law); <u>Guinasso v. Pacific First</u>
16 <u>Federal Sav. and Loan Ass'n</u>, 656 F.2d 1364, 1367 (9th Cir. 1981)
17 (removal improper where complaint contained state law breach of
18 contract claims relating to escrow accounts held with defendant
19 national bank; even where Home Owners Loan Act and related regulations
20 provided preemption defense, complaint's cause of action did not arise
21 under federal law); <u>cf.</u> Truth In Lending Act, 15 U.S.C. § 1610(b)
22 ("[T]his subchapter does not otherwise annul, alter, or affect . . .
23 the laws of any State."); 12 C.F.R. § 560.2(c) ("State laws of the
24 following types are not preempted to the extent that they only
25 incidentally affect the lending operations of Federal savings
26 associations . . . : (1) Contract and commercial law; (2) Real
27 property law; [etc.]."); <u>In re Ocwen Loan Servicing, LLC Mortg.</u>
28

Servicing Litig., 491 F.3d 638, 643 (7th Cir. 2007) ("[W]e read [12 C.F.R. § 560.2(c)] to mean that OTS's assertion of plenary regulatory authority does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies.").

Defendant has not identified the particular federal statutes or regulations that are relevant to this Plaintiff, this loan, and these Defendants. Even if Defendant had done so, Defendant must also establish that these statutes or regulations completely preempt these causes of action. Defendant has failed to make an adequate showing on any of these grounds. See Community Bank of Northern Virginia, 418 F.3d 277, 297 (3d Cir. 2005) ("[The] complaint asserted no claims against a national or state chartered federally insured bank. . . . It follows that removal was improper."); Levitansky v. FIA Card Services, N.A., 492 F. Supp. 2d 758, 762 (N.D. Ohio. 2007) (state law breach of contract action against national bank not preempted by National Bank Act); Dowd v. Alliance Mortg. Co., 339 F. Supp. 2d 452, 453-55 (E.D.N.Y. 2004) (removal improper where Defendant became operating subsidiary of federal savings bank after action removed from state court); Flowers v. EZPawn Oklahoma, Inc., 307 F. Supp. 2d 1191, 1204-05 (N.D. Okla. 2004) ("The state action claims are asserted against EZPawn and EZCorp, neither of which is a state-chartered, federally insured (or national) bank. . . . The petition alleges state law claims against non-bank defendants."); Carson v. H&R Block, Inc., 250 F. Supp. 2d 669, 673-74 (S.D. Miss. 2003) (removal improper where complaint stated state law causes of action for failure to disclose interest rates and neither defendant was national bank); Colorado ex rel.

1  Salazar v. Ace Cash Exp., Inc., 188 F. Sup. 2d 1282, 1285 (D. Colo.
2  2002) ("The Complaint strictly is about a non-bank's violation of state
3  law.  It alleges no claims against a national bank under the [National
4  Bank Act]."); West Virginia ex rel. McGraw v. Parrish Auto Training
5  Co., 147 F. Supp. 2d 470, 472 (N.D.W.V. 2001) (removal improper where
6  complaint contained state law cause of action for national bank's
7  failure to disclose interest charges) (collecting cases).
8     Defendant's Notice of Removal provides an inference that Defendant
9  is aware of the relevant legal issues, but Defendant's discussion is
10 wholly inadequate to establish that removal jurisdiction is
11 appropriate.  Contrary to Defendant's implicit assertion, this is not
12 an easy question and it cannot be resolved through a few brief
13 generalizations.  Compare Def.'s Notice of Removal (three-and-a-half
14 pages of discussion) with Garrick B. Pursley, Rationalizing Complete
15 Preemption after *Beneficial National Bank v. Anderson*: A New Rule, A
16 New Justification, 54 Drake L. Rev. 371-472 (2006); Wright & Miller et
17 al., Federal Prac. & Proced. § 3722.2 (4th ed. 2009) (noting that "the
18 law governing removal under the complete-preemption doctrine continues
19 to evolve") (containing over two-hundred pages of citations, many of
20 which are in conflict).
21    In order to show that federal jurisdiction is proper, Defendant
22 needed to cite factual evidence regarding the substance of Plaintiff's
23 Complaint (i.e., regarding the nature of the loan and the identities of
24 the parties), as well as the applicable statutes and regulations, and,
25 ideally, caselaw construing those specific statutes and regulations in
26 similar situations.  Further, Defendant needed to show not only that
27 federal law provides a preemption defense against Plaintiff's
28

Complaint; Defendant must have shown that federal law <u>completely</u> preempts Plaintiff's state law causes of action such that removal is proper under <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1 (2003).

Absent such a showing, the Court is unable to determine if federal law completely preempts the relevant causes of action, and will be required to remand the action to state court. The Court notes in this regard that federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Defendant bears the burden of showing that federal jurisdiction is proper, and Defendant has not satisfied this burden.

This ultimate conclusion is bolstered by two persuasive authorities. First, Judge Matz of this district has held that the Truth In Lending Act and Real Estate Settlement Procedures Act do not <u>completely preempt</u> related state law causes of action. Judge Matz persuasively explained that the Supreme Court has endorsed complete preemption (thus permitting removal of purely state-law complaints) in only three situations: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the usury provisions of the National Bank Act. <u>See</u> <u>Bartolome v. Homefield Financial, Inc.</u>, 2009 WL 4907050 (C.D. Cal. Dec. 11, 2009).

Second, and most persuasively of all, Defendant has filed a Motion to Dismiss in this case. Tellingly, Defendant's Motion does not cite a <u>single federal case</u>. Defendant's Motion is premised <u>entirely</u> on state law.

7

1	Defendant has failed to meet its factual burden of showing that
2	relevant federal laws apply to this particular case.  Further, the
3	Court is persuaded that federal lending law does not <u>completely</u> preempt
4	state law causes of action, and Defendant has not cited to any
5	authorities that would support a contrary holding.  Finally, Defendant
6	itself appears unconvinced that federal law completely preempts the
7	Complaint, as Defendant's own Motion to Dismiss relies entirely on
8	state law.
9	Accordingly, the Court cannot exercise jurisdiction over this
10	action.  The Court ORDERS that the action be REMANDED to state court
11	pursuant to 28 U.S.C. § 1447(c).

17	IT IS SO ORDERED.

20	DATED:  January 4, 2010

21	                              STEPHEN V. WILSON
22	                              UNITED STATES DISTRICT JUDGE